IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE B. ADAMS                                                                                    PLAINTIFF

v.                                    Civil No. 11-3043

UNITED STATES DEPARTMENT OF
LABOR/OSHA; and HILDA SOLIS,
United States Secretary of Labor                                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Dale B. Adams, filed this case under the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552 *et seq.*, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 *et seq.* He proceeds *pro se* and *in forma pauperis.*

On September 6, 2011, Defendants filed a motion to dismiss (Docs. 10 & 11) the claim under the APA. Plaintiff filed a response (Doc. 16) to this motion on October 21st.

On September 26nd, Plaintiff filed a motion for injunctive relief (Doc. 13). Defendants responded (Doc.14) on October 11th. On October 25th, Plaintiff filed a reply brief (Doc. 17). The motions are now ready for decision.

**1. Background**

According to the allegations of the complaint, beginning on August 20, 2010, Plaintiff submitted FOIA requests to the Defendants. Plaintiff indicates he requested expedited processing "due to the threat to loss of life." Despite this, Plaintiff alleges the Defendants failed to abide by the FOIA laws.

Plaintiff asserts that he has received documents unrelated to his requests, duplicate documents, and blank documents. Plaintiff states he submitted appeals to Defendants but received further documentation. He maintains the Defendants have wrongfully failed to process

-1-

his requests in an expedited manner, withheld requested documents from him, and misused or misapplied exemptions to the FOIA.

As relief, Plaintiff asks that the Court immediately order the Defendants to process the requested records in their entireties and to make copies available to Plaintiff. Further, he asks for an award of costs and legal fees incurred in this action.

### 2. Partial Motion to Dismiss (Doc. 10)

Defendants argue the Plaintiff cannot maintain a claim under the APA because the FOIA provides an adequate legal remedy. They therefore request that the APA, count two of the complaint, be dismissed.

In opposition, Plaintiff first notes that he has filed FOIA actions against various agencies. He maintains the FOIA laws do not offer him an adequate remedy "because he wasn't able to keep up with the constant barrage of FOIA request denials and requirements to timely file an appeal while also learning law and fighting many other state and federal agencies who were violating the law." (Doc. 16 at pg. 3, ¶¶ 21-25). According to Plaintiff, the FOIA allows only judicial review of the actual documents requested while the APA allows judicial review of the documents and "discovery of the cause for their illegal conduct denying these records--making the APA the proper cause of action and the, *adequate remedy.*" (Doc. 16 at pg. 4 ¶ 29 (emphasis in original)).

The FOIA provides for *de novo* review of agency records to determine if the records, or any part of the records, should be withheld under any of the applicable exemptions. 5 U.S.C. § 552(a)(4)(B). The Court has the authority to enjoin the agency from withholding agency records and to order the production of any records improperly withheld. *Id.* The Court also has the

power to assess any attorney fees and other litigation costs reasonably incurred in the case. *Id.* at ¶ 552(a)(4)(E)(i).

The APA permits judicial review of "final agency action[s] for which there is no other adequate remedy in court." 5 U.S.C. § 704. The Supreme Court, in *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988), held that the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." The "FOIA specifically bars judicial review of an APA claim where the claimant seeks 'a court order' to produce the same documents under both FOIA and APA." *Central Platte Natural Resources Dist. v. U.S. Dept. of Agriculture,* 643 F.3d 1142, 1148 (8th Cir. 2011); *see also El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health and Human Servs.*, 396 F.3d 1265, 1270 (D.C. Cir. 2005)("[w]here a statute affords an opportunity for *de novo* district-court review" of agency actions, the APA precludes review because "Congress did not intent to permit a litigant challenging an administrative denied . . . to utilize simultaneously both [the statute's review provision] and the APA") . In this case, Plaintiff seeks precisely the same remedy under both statutes. He, therefore, may not assert an APA claim.

### 3. Motion for Injunction (Doc. 13)

Plaintiff requests an injunction to "permanently remove him and his wife, Cherie L. Adams from any and all government watch lists" and to determine "if the United States Congress was in plain error by passing the USA Patriot Act." (Doc. 13 at pgs. 1). Plaintiff maintains he has been placed on a "watch list" in response to his exercise of his First Amendment Rights. Specifically, he maintains after he posted two articles entitled *Before You Vote, A Word from Thomas Jefferson* and *Homeland Security At Work-Destroying Our U.S. Constitution* on the Internet his phone lines and computer were being tampered with and police cars began following

Case 3:11-cv-03043-TLB   Document 18   Filed 11/08/11   Page 4 of 4 PageID #: 112

him around. (Doc. 13 at pg. 2). Pursuant to the Patriot Act, Plaintiff maintains he was placed on a terrorist watch list as well as a bio-terrorism watch list. *Id.* He alleges the Defendants contributed to his pain and suffering. *Id.*

In response, Defendants argue Plaintiff is not seeking relief under the FOIA or even the APA. They maintain Plaintiff is attempting to assert a new claim in a motion. Furthermore, they argue the claim cannot properly be brought under the FOIA.

I agree. A preliminary injunction is meant to preserve the status quo and prevent irreparable harm until the court rules on the merits of the lawsuit. *See Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 & n. 5 (8th Cir. 1981). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). No such connection exists here.

### 4. Conclusion

For the reasons stated, I recommend that the motion to dismiss the APA claim be granted (Doc. 10) and the motion for injunctive relief (Doc. 13) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of November 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)