IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE B. ADAMS                                                        PLAINTIFF

v.                              Civil No. 11-3043

UNITED STATES DEPARTMENT OF
LABOR/OSHA; and HILDA SOLIS,
United States Secretary of Labor                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Dale B. Adams, filed this case under the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552 *et seq.*[1]  He proceeds *pro se* and *in forma pauperis.*

On December 6, 2011, Plaintiff filed a motion for an injunction (Doc. 23).  Defendants responded to the motion on December 21, 2011 (Doc. 27).

On January 9, 2012, Plaintiff filed a motion for summary judgment (Doc. 30).  Defendants filed a response (Doc. 34) to this motion on January 23, 2012.  On February 1, 2012, Adams filed a reply brief (Doc. 40).  Both motions are ready for decision.

### 1.  Background

Plaintiff submitted two FOIA requests, dated August 20, 2010 (Request 1), and August 21, 2010 (Request 2), to the United States Department of Labor (DOL) asking for information from United States Occupational Safety and Health Administration (OSHA) related to Tyson Foods.  Doc. 1 Ex. A; Doc. 1 Ex. B.

### *Request 1*

The August 20th request asked for the following:

---

[1]Adams originally also asserted a claim under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 *et seq.*  However, this claim was dismissed on January 25, 2012 (Doc. 37).

AO72A
(Rev. 8/82)

any and all information, records, call logs, emails, memos, any contact with Tyson Foods or their lawyers, any correspondence or data from any state, federal official or administrative agency regarding OSHA ignoring or concerning me and my communications for these 6 months;

any communications [the DOL] received from the Department of Defense, U S Health and Human Services, Homeland Security or any state or federal agency regarding Dale Adams and or Tyson Foods;

any laws, memos, records, or any and all data that permits [the DOL] to violate the law and your duty and responsibility to uphold the U S Constitution to allow Tyson Foods to torture me repeatedly; and

any and all information about why Tyson Foods didn't get fined and punished for a law violation that was committed in 2003 for the death of an employee in Texarkana, Arkansas, until 2010 when a plea agreement had been reached.

Doc. 1 Ex. A.  Expedited processing was requested.  *Id.*

Adams received the DOL's response on August 27, 2010.  Doc. 1 Ex. C.  However, he maintains the documents sent were from a previous FOIA request he had made.  *Id.*  He submitted an appeal.  *Id.*  The undated appeal was received on September 13, 2010.  Doc. 9 at ¶ 9.

On April 4, 2011, the Appeals Unit determined the August 27th response to be non-responsive and remanded it to the regional OSHA office to be reprocessed.  Doc. 9 at ¶ 8 and Exhibit 1; Doc. 36 at ¶ 7.  On April 22, 2011, OSHA requested additional information by May 29, 2011, to clarify Request 1.  Doc. 1 Exhibit H.  On June 1, 2011, OSHA closed Request 1 because Plaintiff had no provided additional information to clarify the request.  Doc. 9 Exhibit 2.  Adams e-mailed additional information on June 3, 2011, and this was treated as a new FOIA request.  Defendants responded on June 9, 2011.  Doc. 9 Exhibit 3.

### *Request 2*

The request dated August 21, 2010, sought disclosure of the following:

any and all information, records, call logs, emails, photographs, and sound or
visual recordings, memos, or any contact with Tyson Foods, their lawyers, the
Arkansas Department of Workforce Services (ADWS) and any correspondence
or data from any Arkansas state, federal official or any administrative agency
regarding Tyson Foods, Derrick Slade Brittain, Mitchell Williams, attorney
Kathlyn Graves and Dale Adams pertaining to this matter or any other matter
regarding these parties about his conduct within Harrison, Arkansas, or at any
other time;

any and all information about Monty Cole or any other party setting up a hearing
for a SOX[2] claim for Derrick Slade Brittain with the Boone County Courthouse
or other official when he was visiting Harrison, Arkansas or any records about
how and when this SOX court hearing was arranged;

any and all documents about why the DOL/OSHA Administrative Law Judge
decided to promptly cancel the hearing following Adams' notification of the
Court and the DOL about the illegal conduct;

any and all information, records, call logs, emails, photographs, and sound or
visual recordings, memos, or any contact with Tyson Foods, their lawyers, the
Arkansas Department of Workforce Services (ADWS) and any correspondence
or data from any Arkansas state, federal official or any administrative agency
regarding Tyson Foods, Derrick Slade Brittain, Mitchell Williams, attorney
Kathlyn Graves and Adams with OSHA pertaining to this matter or any other
matter;

any and all documents, records or communication OSHA and the Administrative
Law Judge had with the law firm of Mitchell Williams, Kathlyn Graves and
Derrick Slade Brittain about this SOX claim and the complete OSHA SOX claim
file;

any and all documents, records or communications about how the US
DOL/OSHA was conspiring with any party and was trying to entrap Adams for
the crime of unauthorized practice of law;

any and all documents or records concerning this matter with any of these parties,
and any records that allow OSHA to violate US laws, OSHA regulations, the US
Constitution and any principles of honor and integrity;

any and all documents, records and communications between Tyson Foods and
legal counsel, or any other party to deliberately refuse my emails, calls, letters

[2]The Sarbanes-Oxley Act (SOX).  The Act contains a whisleblower protection provision, 18 U.S.C.§ 1514A.

-3-

and faxes for 6 months between May and November of 2009 to prevent me from filing charges against Tyson Foods for violating US labor laws.

Doc. 1 Ex. B.  Expedited processing was requested.  *Id.*

The DOL responded to Request 2.   Adams submitted an appeal and the Defendants response to Appeal 2 was made on March 23, 2011.  Doc. 36 at ¶ 7.

In his complaint, Adams alleges that he received documents unrelated to his requests, duplicate documents, and blank documents.  Plaintiff states he submitted appeals to Defendants but received further documentation.  He maintains the Defendants have wrongfully failed to process his requests in an expedited manner, withheld requested documents from him, and misused or misapplied exemptions to the FOIA.

As relief, Plaintiff asks that the Court immediately order the Defendants to process the requested records in their entireties and to make copies available to Plaintiff.  Further, he asks for an award of costs and legal fees incurred in this action.

### 2.  Motion for Injunction (Doc. 23)

Plaintiff requests a "preventative or prohibitive injunction to rule and determine if the Patriot Act and the Detention Authority Provisions in § 1253 of the [National Defense Authorization Act] NDAA, are UnConstitutional."  Doc. 23 at pg. 1.  He asks the Court to "protect the Constitutional rights of himself and his family to prevent the undue death of him and his wife Cherie L. Adams."

In response, Defendants argue Plaintiff is not seeking relief under the FOIA.  They maintain Plaintiff is alleging a new harm outside the scope of the complaint.  Furthermore, they argue the claim cannot properly be brought under the FOIA.

-4-

I agree.  An injunction is meant to preserve the status quo and prevent irreparable harm until the court rules on the merits of the lawsuit.  *See Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 & n. 5 (8th Cir. 1981).  "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Under FOIA, the Court has the authority to require the production of documents improperly withheld by an agency.  Plaintiff's motion does not request that documents be produced; in fact, his motion does not address the FOIA requests at issue.  The motion for an injunction (Doc. 23) should be denied.

### 3.  Motion for Summary Judgment  (Doc. 30)

Plaintiff moves for summary judgment arguing that Defendants are operating in bad faith and violating various laws in an effort to deny Adams his constitutional rights.  Plaintiff goes on to invoke the clean hands doctrine and the "outrageous government misconduct" defense.  He asserts that Defendants and various other agencies and the Court are conspiring against him and treason is being committed.  Plaintiff goes on to address the conduct of various agencies and individuals who are not parties to this case, various laws he believes are unconstitutional, the wrongful death of three family members, his former position at Tyson Foods, his unlawful termination, and various violations of the law that have no bearing on his FOIA claims.  In fact, the one topic he fails to address is why he believes the Defendants' improperly withheld documents in response to his August 20th and August 21st FOIA requests.

-5-

In opposition, the Defendants first argue they have withheld only documents exempt from disclosure.  Second, they maintain Adams has failed to exhaust his administrative remedies.  Third, they maintain Adams has failed to state a claim upon which relief can be granted.  Finally, they assert that Adams is not entitled to attorney's fees or costs.

The motion for summary judgment (Doc. 30) should be denied.  The motion does not address the documents produced in response to Requests 1 and 2 or the exemptions allegedly improperly relied on by Defendants.  Instead, the motion contains numerous allegations regarding conspiracies, unconstitutional acts, and the impact of these on Adams.  These allegations are lengthy, irrelevant, and largely incomprehensible.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325-328 (1989)(clearly baseless allegations are those that are fantastic, fanciful, or delusional.).

### 4.  Conclusion

For the reasons stated, I recommend that the Adams' motion for an injunction (Doc. 23) and his motion for summary judgment (Doc. 30) be denied .

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this day 13th of August 2012.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-6-

AO72A
(Rev. 8/82)