IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DALE B. ADAMS**                                                                                    **PLAINTIFF**

v.                                            Case No. 3:11-CV-03043

**UNITED STATES DEPARTMENT OF
LABOR/OSHA; and HILDA SOLIS,
United States Secretary of Labor**                                                      **DEFENDANTS**

## OPINION AND ORDER

Now before the Court is the Report and Recommendation ("R&R") (Doc. 64) of the Honorable James R. Marschewski, Chief Magistrate Judge for the Western District of Arkansas. Defendants United States Department of Labor/OSHA (Occupational Safety and Health Administration) and United States Secretary of Labor Hilda Solis filed a Motion for Summary Judgment (Doc. 61) on November 15, 2013. Plaintiff Dale B. Adams never filed a response in opposition to the Motion. Rather than consider the Motion on the merits, however, the Magistrate recommended dismissing the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Dismissal pursuant to Rule 41 is inappropriate in this instance. Plaintiff did not fail to prosecute his case; he failed to respond to a pending motion. Moreover, the Eighth Circuit has held that a district court should not treat a plaintiff's failure to respond to a motion for summary judgment—as has occurred here—as sufficient justification to dispose of the motion without further analysis. *Canada v. Union Elec. Co.*, 135 F3d 1211, 1213 (8th Cir. 1997). Courts "should . . . proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id.*

Instead of summarily dismissing the Complaint, a critical assessment of the merits of the Motion for Summary Judgment was warranted. Accordingly, the Court **DECLINES TO ADOPT** the R&R and will instead conduct a *de novo* review of the entire record, focusing on Defendants' arguments and evidence presented in support of the Motion, and Plaintiff's August 25, 2014, submission titled "Response to the Report and Recommendation Dated August 6, 2014" (Doc. 65), which the Court has construed as both a response in opposition to the Motion for Summary Judgment and an objection to the R&R.

## I. BACKGROUND

This case has a long procedural history. Adams filed the Complaint (Doc. 1), *pro se*, on June 20, 2011, against the United States Department of Labor/OSHA and the United States Secretary of Labor (collectively "OSHA") for alleged violations of the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ("APA"). He asserts that OSHA improperly withheld or redacted information in response to FOIA requests he made on August 20, 2010 ("the first FOIA request"), and August 21, 2010 ("the second FOIA request"). Further, he claims OSHA failed to honor his request for expedited treatment.

OSHA maintains that Adams' first FOIA request was so unclear that agency officials could not determine what records were being requested and what records should actually be produced. Adams had requested "any and all information, records, call logs, emails, [or] memos, [of] any contact with Tyson Foods or their lawyers, any correspondence or

data from any state, federal official or administrative agency regarding OSHA ignoring or concerning [Adams] and [his] communications for these 6 months" (Doc. 1-1, p. 2).

He had previously made a similar FOIA request for information about Tyson Foods, and OSHA had produced two investigative files involving Adams as the complainant. In OSHA's view, all relevant documents had already been produced that were responsive to Adams' new request. After OSHA informed Adams that no documents would be produced in response to his request, he appealed the decision and prevailed. *See id.* at pp. 9-11. The case was remanded back to OSHA for further consideration. At that point, OSHA sent a letter to Adams, asking that he describe with greater particularity the records he sought. *Id.* at p. 12. Adams responded to the letter by *broadening* his request for records as follows:

> "Please provide me a copy of any OSHA charges for labor law violations that were filed against Tyson Foods within the state of Arkansas, from the date of January 1, 2005 until January 1, 2010 . . . any and all OSHA labor law violations made by Tyson Foods during this 5 year period . . . [and] any violations of wage, safety and health standards or collective bargaining agreements issued under the Occupational Safety and Health Act against Tyson Foods within the State of Arkansas."

*Id.* at p. 13.

OSHA then sent Adams a second letter, again requesting that he provide a more specific request for documents. Adams was asked to respond within 30 days. *See id.* at pp. 14-15. The day after the 30-day deadline, OSHA closed the case. Adams eventually sent a response letter, repeating his original demand for "the info about Tyson Foods violating the OSHA labor law, Access to Medical records for the last 3 years." *Id.* at p. 16.

With respect to Adams' second FOIA request, which was filed just a day after the first FOIA request, he received 92 pages of unredacted documents and 12 pages of redacted documents from OSHA. The redactions are characterized by OSHA as having been made pursuant to 5 U.S.C. § 552(b)(7)(C), which authorizes the redaction of certain identifying information concerning whistleblowers.

Turning to Adams' lengthy objection (Doc. 65) to the Magistrate's R&R, it is evident that he presents no evidence in support of his claims that is not already present in the record and attached to the Complaint. Adams' objection is a general protest of what he terms the "secret, classified and/or common laws including the Foreign Intelligence Surveillance Act of 1978 that deprived Adams of a fair and impartial tribunal . . ." He "moves the court to hold summary judgment in favor of Adams due to evidence of arbitrary conduct to accept [sic] labor law violations . . . ." *Id.*

## II. LEGAL STANDARD

When faced with a summary judgment motion, the burden of proof is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada*, 135 F.3d at 1212-13. In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for

the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Webb v. Lawrence County*, 144 F.3d 1131, 1134 (8th Cir.1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 1135 (internal quotation and citation omitted).

## III. DISCUSSION

The Court has reviewed the exhibits attached to Adams' Complaint, which include his FOIA requests and the correspondence between himself and OSHA concerning these requests. *See* Doc. 1-1. In addition, the Court has reviewed the evidence submitted by OSHA in support of its Motion for Summary Judgment, including the Declaration of Carlos M. Reynolds (Doc. 61-1), the Area Director of the Little Rock Area Office of OSHA, and the Declaration of Rose Marie L. Audette (Doc. 61-2), the Associate Solicitor for Management and Administrative Legal Services for the United States Department of Labor.

Reynolds affirms in his Declaration that Adams failed to provide meaningful responses to OSHA's two follow-up letters requesting clarification of the first FOIA request. Reynolds also attests that Adams was provided all OSHA records that were responsive to

his second FOIA request, and that any redactions to these records were made according to an appropriate statutory exemption. *Id.*

Audette states in her Declaration that when her office closed the case on Adams' first FOIA request, he was provided with information regarding his administrative appeal rights, but he did not pursue an appeal. Audette also explains in detail why her office redacted or withheld the handful of documents provided in response to Adams' second FOIA request. She explains OSHA's rationale for withholding or redacting those documents pursuant to exemption 7(C) of the FOIA. *Id.*

Considering the arguments and evidence submitted by OSHA on summary judgment, Adams has failed to meet proof with proof so as to create a genuine dispute of material fact. The law is clear that once a moving party has met its burden of showing the absence of a genuine dispute of material fact, "the non-moving party cannot simply rest on mere denials or allegations in the pleadings." *Webb*, 144 F.3d at 1135. OSHA's unrebutted evidence and arguments persuade the Court that Adams' Complaint has no merit, and summary judgment is appropriate.

## IV. CONCLUSION

The Court **DECLINES TO ADOPT** the Magistrate's R&R for the reasons stated herein. Defendants' Motion for Summary Judgment (Doc. 61) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. Judgment will be filed contemporaneously with this Order.

**IT IS SO ORDERED** this 5th day of September, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE